1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

10

11

RAYMOND J. LUTHER,

12

                        Plaintiff,

13

   v.

14

PAT GLEBE,

15

                     Defendant.

No. C11-5387 RJB/JRC

ORDER DIRECTING SERVICE OF CIVIL
RIGHTS COMPLAINT

16

17

      This is a civil rights action brought pursuant to 42 U.S.C. § 1983.  Plaintiff has been

18

granted leave to proceed with this action in forma pauperis.  The court, having reviewed

19

Plaintiff's complaint, does hereby **ORDER** as follows:

20

      (1)      <u>Service by Clerk</u>

21

      The Clerk is directed to send the following to the named defendants by first class mail: a

22

copy of plaintiff's civil rights complaint, a copy of this Order, two copies of the Notice of

23

Lawsuit and Request for Waiver of Service of Summons, a Waiver of Service of Summons, and

24

a return envelope, postage prepaid, addressed to the Clerk's Office.

25

26

ORDER DIRECTING SERVICE - 1

(2)     Response Required

Defendants shall have **thirty (30) days** within which to return the enclosed waiver of service of summons.  A defendant who timely returns a signed waiver shall have **sixty (60) days** after the date designated on the notice of lawsuit to file and serve an answer to the amended complaint or a motion permitted under Rule 12 of the Federal Rules of Civil Procedure.

A defendant who fails to timely return a signed waiver will be personally served with a summons and complaint, and may be required to pay the full costs of such service, pursuant to Rule 4(d)(2).  A defendant who has been personally served shall file an answer or motion permitted under Rule 12 within **thirty (30) days** after service.

(3)     Filing and Service by Parties, Generally

All attorneys admitted to practice before this court are required to file documents electronically via the court's CM/ECF system.  Counsel is directed to the Court's website, www.wawd.uscourts.gov, for a detailed description of the requirements for filing via CM/ECF. All non-attorneys, such as *pro se* parties and/or prisoners, may continue to file a paper original with the Clerk.  All filings, whether filed electronically or in traditional paper format, must indicate in the upper right hand corner the name of the Magistrate Judge to whom the document is directed.

For any party filing electronically, when the total of all pages of a filing exceeds fifty (50) pages in length, a paper copy of the document (with tabs or other organizing aids as necessary) shall be delivered to the Clerk's Office for chambers.  The chambers copy must be clearly marked with the works "Courtesy Copy of Electronic Filing for Chambers."

Finally, any document filed with the court must be accompanied by proof that it has been served upon all parties that have entered a notice of appearance in the underlying matter.

ORDER DIRECTING SERVICE - 2

(4)    <u>Motions</u>

Regarding the filing of motions before the court, the parties are directed to review Local Rule CR 7 in its entirety.  A few important points are highlighted below:

Any request for court action shall be set forth in a motion, properly filed and served. Pursuant to amended Local Rule CR 7(b), any argument being offered in support of a motion shall be submitted as a part of the motion itself and not in a separate document.  **The motion shall include in its caption (immediately below the title of the motion) a designation of the date the motion is to be noted for consideration upon the court's motion calendar.**

In all instances where one of the parties to a lawsuit is incarcerated, **all** categories of non-dispositive motions not listed in Local Rule CR 7(d)(1) must be noted for the third Friday after the date of filing and service.  This applies to all non-dispositive motions, even those which are normally (if none of the parties are incarcerated) permitted to be noted 7 judicial days after filing.  *See* Local Rule CR 7(d)(2).

All dispositive motions shall be noted for consideration no earlier than the fourth Friday following filing and service of the motion.

(5)    <u>Motions for Summary Judgment</u>

If one of the parties files a motion for summary judgment pursuant to Federal Rules of Civil Procedure 56, the opposing party should acquaint him/herself with Rule 56.  Rule 56 requires a nonmoving party to submit affidavits or other evidence in opposition to a motion for summary judgment if the moving party has shown the absence of issues of material fact and an entitlement to judgment as a matter of law.  A nonmoving party may not rest upon the mere allegations or denials of prior pleadings.  Rather, successful opposition to a motion for summary judgment requires the nonmoving party to set forth, through affidavits or other evidence, specific

ORDER DIRECTING SERVICE - 3

facts showing a genuine issue for trial.  Failure by the nonmoving party to oppose a summary

judgment motion or to present counter evidence could result in the court accepting the moving

party's evidence as the truth, and entering final judgment in favor of the moving party without a

full trial.  Rand v. Rowland, 113 F.3d 1520 (9th Cir. 1997).

      (6)    Direct Communications with District Judge or Magistrate Judge

      No direct communication is to take place with the District Judge or Magistrate Judge with

regard to this case.  All relevant information and papers are to be directed to the Clerk.

      (7)    Clerk's Action

      The Clerk is directed to send copies of this Order and of the General Order issued by the

Magistrate Judges to Plaintiff.

      DATED this 27th day of May, 2011.


J. Richard Creatura
United States Magistrate Judge

ORDER DIRECTING SERVICE - 4