UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RAYMOND JOEL LUTHER SR,

          Plaintiff,

   v.

PAT GLEBE,

          Defendant.

CASE NO. C11-5387-RJB-JRC

ORDER REVOKING LEAVE TO FILE AN AMENDED COMPLAINT AND SCHEDULING ORDER

      This 42 U.S.C. §1983 civil rights matter, has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B) and Local Magistrate Judges Rules MJR 1, MJR 3, and MJR 4.

      On July 21, 2011, the defendant filed a motion to dismiss (ECF No. 14). In response plaintiff filed a number of pleadings that did not conform to the Federal Rules of Civil Procedure (ECF No. 15 to 19). Among the motions was a motion asking for leave to amend the complaint (ECF No. 17).

ORDER - 5

1  The Court granted the motion to file an amended complaint and gave plaintiff until
2 October 28, 2011 to file an amended complaint that would act as a complete substitute to the
3 original complaint (ECF No. 21). The Court did not consider defendant's motion to dismiss
4 (ECF No. 14) in order to allow plaintiff to amend his complaint (ECF No. 21, page 3).
5  Plaintiff has failed to comply with the Court's order and no amended complaint has been
6 filed.  Plaintiff did file a letter apologizing for not complying with the Court's Order (ECF No.
7 22), but he has not cured the defect.  Leave to amend the complaint is hereby withdrawn. The
8 original complaint (ECF No. 5) will be the operative complaint in this action.
9  An answer to that complaint was filed on July 21, 2011 (ECF No. 13). A Scheduling
10 Order is therefore appropriate. This does not prevent defendant from re-noting the motion to
11 dismiss, (ECF No. 14), if he so chooses. The Court now orders:
12 Discovery
13  All discovery shall be completed by May 4, 2012.  Service of responses to interrogatories
14 and to requests to produce, and the taking of depositions shall be completed by this date.  Federal
15 Rule of Civil Procedure 33(b)(3) requires answers or objections to be served within thirty (30)
16 days after service of the interrogatories.  The serving party, therefore, must serve his/her
17 interrogatories at least thirty (30) days before the deadline in order to allow the other party time
18 to answer.
19 Motions
20  Any dispositive motion shall be filed and served on or before June 1, 2012. The motion
21 shall include in its caption (immediately below the title of the motion) a designation of the Friday
22 upon which the motion is to be noted upon the court's calendar.  That date shall be the fourth
23 Friday following filing of the dispositive motion.  All briefs and affidavits in opposition to any
24

ORDER - 5

motion shall be filed and served not later than 4:30 p.m. on the Monday immediately preceding the Friday appointed for consideration of the motion.  If a party fails to file and serve timely opposition to a motion, the court may deem any opposition to be without merit.  The party making the motion may file, not later than 4:30 p.m. on the Thursday immediately preceding the Friday designated for consideration of the motion, a response to the opposing party's briefs and affidavits. The documents must indicate in the upper right-hand corner the name of the magistrate judge to whom the documents are to be delivered.

If a motion for summary judgment is filed, it is important for the opposing party to note the following:

> A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment.  Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case.  When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, deposition, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is granted, your case will be dismissed and there will be no trial.

Rand v. Rowland, 154 F.3d 952, 962-963 (9th Cir. 1998).

## Joint Status Report

Counsel and pro se parties are directed to confer and provide the court with a joint status report by no later than September 2, 2012.  The joint status report shall contain the following information by corresponding paragraph numbers:

ORDER - 5

1      1.    A short and concise statement of the case, including the remaining legal and factual issues to be determined at trial;

      2.    A narrative written statement from each party setting forth the facts that will be offered by oral or written documentary evidence at trial;

      3.    A list of all exhibits to be offered into evidence at trial;

      4.    A list of the names and addresses of all the witnesses each party intends to call along with a short summary of anticipated testimony of each witness.

      5.    Whether the parties agree to arbitration or mediation under this district's arbitration program, and if so whether the arbitration will be final and conclusive or the right to trial de novo will be preserved (see Local Rule CR 39.1(d));

      6.    Whether the case should be bifurcated by trying the liability issues before the damages issues, or specially managed in any other way;

      7.    Any other suggestions for shortening or simplifying the trial in this case;

      8.    The date the case will be ready for trial, considering Local Rule CR 16 deadlines;

      9.    The dates on which trial counsel are unavailable and any other complications to be considered in setting a trial date;

      10.    Whether the trial will by jury or non-jury;

      11.    The number of trial days required, and suggestions for shortening trial;

      12.    The names, addresses, and telephone numbers of all trial counsel and unrepresented (pro se) parties who intend to appear at trial.

If the parties are unable to agree on any part of the report, they may answer in separate paragraphs. Separate reports are not to be filed. Plaintiff's counsel (or plaintiff, if pro se) will be responsible for initiating communications for the preparation of the joint status report.

ORDER - 5

<u>Proof of Service & Sanctions</u>

All motions, pretrial statements and other filings shall be accompanied by proof that such documents have been served upon counsel for the opposing party (or upon any party acting pro se). The proof shall show the day and manner of service and may be by written acknowledgment of service, by certificate of a member of the bar of this court, by affidavit of the person who served the papers, or by any other proof satisfactory to the court. Such proof of service shall accompany both the original and duplicates filed with the Clerk. Failure to comply with the provisions of this Order can result in dismissal/default judgment or other appropriate sanctions.

The Clerk of Court is directed to send a copy of this Order to plaintiff.

DATED this 2nd day of December 2011.

J. Richard Creatura
United States Magistrate Judge

ORDER - 5