UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RAYMOND JOEL LUTHER SR,

        Plaintiff,

v.

PAT GLEBE,

        Defendant.

CASE NO. C11-5387-RJB-JRC

REPORT AND RECOMMENDATION

NOTED FOR: MARCH 2, 2012

This 42 U.S.C. §1983 civil rights matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B) and Local Magistrate Judges Rules MJR 1, MJR 3, and MJR 4. Defendants have filed a motion for judgment on the pleadings that is brought pursuant to Fed. R. Civ. P. 12(c). Plaintiff has not responded.

The Court recommends that the motion be GRANTED and that this case be dismissed because plaintiff fails to allege any facts that show that the superintendent of the facility played any part in medical decisions or plaintiff's medical treatment. Plaintiff was given the opportunity to file an amended complaint and failed to do so (ECF No. 21). The Court withdrew leave to file

REPORT AND RECOMMENDATION - 1

an amended complaint after the deadline to file a complaint had passed and plaintiff had not taken any timely action (ECF No. 23).

## STANDARD OF REVIEW

The standard governing a Rule 12(c) motion for judgment on the pleadings is essentially the same as that governing a Rule 12(b)(6) motion. Dworkin v. Hustler Magazine Inc., 867 F.2d 1188, 1192 (9th Cir.1989) ("The principal difference between motions filed pursuant to Rule 12(b) and Rule 12(c) is the time of filing. Because the motions are functionally identical, the same standard of review that applies to a Rule 12(b) motion applies to its Rule 12(c). Lake Tahoe Watercraft Recreation Ass'n v. Tahoe Reg'l Planning Agency, 24 F.Supp.2d 1062, 1066 (E.D.Cal.1998).

Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) provides that a court should dismiss a claim under Fed. R. Civ. P. 12(b)(6) either because of the lack of a cognizable legal theory or because of the absence of sufficient facts alleged under a cognizable legal theory. Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990).

For purposes of ruling on this motion, material allegations in the complaint are taken as admitted and the complaint is construed in the plaintiff's favor. Keniston v. Roberts, 717 F.2d 1295 (9th Cir. 1983). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. 544, 545 (2007) (internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. at 545. Plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." Id. at

570. The Court liberally construes a pro se pleading but cannot supply facts to a complaint. <u>Pena v. Gardner</u>, 976 F.2d 469 (9th Cir. 1992).

DISCUSSION

Plaintiff complains of the medical, dental, and mental health treatment he received over the last seven years (ECF No. 5, complaint). His complaint does not state any facts that implicate the only named defendant who is the superintendent of a prison.

A defendant cannot be held liable under 42 U.S.C. § 1983 solely on the basis of a supervisory responsibility or position. <u>Monell v. New York City Dept. of Social Services</u>, 436 U.S. 658, 694 n.58 (1978). Thus, the theory of *respondeat superior* is not sufficient to state a claim under § 1983. <u>Padway v. Palches</u>, 665 F.2d 965, 968 (9th Cir. 1982).

Personal participation is connected to causation. The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts and omissions are alleged to have caused a constitutional violation. <u>Leer v. Murphy</u>, 844 F.2d 628, 633 (9th Cir. 1988).

Plaintiff must allege facts showing how defendant caused or personally participated in causing the harm alleged in the complaint. <u>Arnold v. IBM</u>, 637 F.2d 1350, 1355 (9th Cir. 1981). A § 1983 suit cannot be based on vicarious liability alone, but must allege that the defendant's own conduct violated the plaintiff's civil rights. The plaintiff in this case fails to plead any facts that show Mr. Glebe's involvement with any medical decision. The Court recommends the motion for judgment on the pleadings be GRANTED.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. <u>See also</u> Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of de novo

1 review by the district judge. See 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit
2 imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on
3 March 2, 2012, as noted in the caption.

Dated this 3rd day February, 2012.

J. Richard Creatura
United States Magistrate Judge